J-S74002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHALID ANDERSON | |
| Appellant | No. 542 EDA 2015 |

Appeal from the PCRA Order January 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0900791-2002

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 24, 2016**

Khalid Anderson ("Appellant") appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County dismissing his patently untimely, serial petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq*. Appellant contends that the PCRA court erroneously failed to conduct an evidentiary hearing on his petition, which sought reinstatement of his first PCRA appeal rights, *nunc pro tunc*, on grounds that a breakdown in the courts prevented him from filing the appeal timely.  Also raised in Appellant's brief is an after-discovered evidence claim, not previously raised before the PCRA court, asserting that recantation statements proffered by his co-conspirators

---

[*] Former Justice specially assigned to the Superior Court.

overcomes the time-bar that would otherwise apply to the present petition. We affirm.

A complete factual and procedural history pertinent to the present matter appears in this Court's memorandum decision *Commonwealth v. Anderson*, No. 1354 EDA 2010, (Pa.Super. filed June 7, 2011) (unpublished memorandum), such that we need not repeat it. For present purposes, suffice it to say that Appellant currently serves a term of twenty-six to fifty-two years' incarceration for convictions of Murder of the Third Degree, Robbery, and Conspiracy. His convictions arise from a drug transaction gone awry in a buyer's home, wherein either he or a fellow co-conspirator fatally shot the buyer, but not before the buyer stabbed each of them multiple times. The second co-conspirator drove his two cohorts to the hospital for emergency care, and he later provided authorities with a statement implicating Appellant as the gunman. On direct appeal, this Court affirmed judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal.

In his first PCRA petition, filed *pro se* on August 10, 2008, Appellant alleged that trial counsel was ineffective for failing to raise the defense of self-defense at trial and challenge the weight of the evidence and the length of his sentence in post-sentence motions. Appointed counsel initially filed an amended PCRA petition on August 27, 2009, but she followed that with a "no-merit" letter and a petition to withdraw served upon the court and Appellant, and the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to

dismiss without a hearing. On March 18, 2010, after receiving no response from Appellant, the court granted counsel's petition to withdraw and dismissed Appellant's petition. On April 8, 2010, Appellant filed an Application for Appointment of Counsel on Appeal with the PCRA court but did not file Notice of Appeal until May 13, 2010.

This Court ultimately quashed his PCRA appeal as untimely, determining, first, that the record demonstrated Appellant had received ample notice of his right to proceed *pro se* or with privately retained counsel following PCRA counsel's request to withdraw but prior to the PCRA court's order. After Appellant filed no response to counsel's petition, the PCRA court entered its order dismissing Appellant's PCRA petition and, again, informed Appellant of his right to appeal on a *pro se* basis or with retained counsel, we found.

On appeal, we found no merit to Appellant's assertion that he filed a belated notice of appeal because both PCRA counsel and the PCRA court deprived him of notice of his rights following counsel's motion to withdraw. Specifically, we observed that counsel's motion to withdraw was accompanied by a certificate of Proof of Service listing Appellant as an intended recipient of the motion. Additional evidence that Appellant was properly notified of his rights, we determined, lay in his timely filing of an application for appointment of PCRA appellate counsel following the dismissal of his petition. We, therefore, held that Appellant was aware of his rights

throughout the first PCRA proceedings and "simply failed to assert them in a timely manner." *Id.* at 6.

On January 16, 2013, Appellant filed, *pro se*, the present second PCRA petition. In his petition, he alleged that he was entitled to *nunc pro tunc* relief from this Court's quashal of his PCRA appeal because he never received "legal mail informing him of the [PCRA] court[']s actions in a timely manner due too [sic] D.O.C. procedures [namely, his transfer to a new institution]. Appellant also challenged the legality of his consecutive sentence, arguing that merger should apply, and the sufficiency of evidence that he intended on participating in a conspiracy to commit robbery or homicide. On March 27, 2013, Appellant filed an amended PCRA petition reiterating his claim for *nunc pro tunc* relief. On April 3, 2014 and, again, on April 21 2014, Appellant filed with the PCRA court a motions to compel discovery of blood evidence for DNA testing. The PCRA court, however, discerned no merit with the issues raised by Appellant and entered an order on January 16, 2015, dismissing his petition. This timely appeal followed.

Appellant presents five questions for our review:

> I.   IN VIOLATION OF THE U.S.C.A. 5,6, AND 14, AS WELL AS THE DUE PROCESS CLAUSES OF THE PENNSYLVANIA PCRA: DID NOT THE PCRA COURT ERR AND COMMIT REVERSIBLE ERROR, WHEN THEY [SIC] FAILED TO CONDUCT AN EVIDENTIARY HEARING TO PROPERLY ANALYZE THE PETITION AND CONSTRUCT A LAWFULLY RECOGNIZED CONCLUSION AND JUDICIAL OPINION AS TO WHY THE PETITIONER IS NOT ENTITLED TO THE REQUESTED RELIEF WITHIN THE CURRENT PETITION?

II.     DID NOT THE PCRA COURT ERR AND COMMIT REVERSIBLE ERROR, WHEN THEY [SIC] FAILED TO RECOGNIZE THAT PETITIONER'S CURRENT PCRA PETITION INVOKED AN EXCEPTION TO THE TIME BAR REQUISITE AND FURTHER INVOKED THE COURT[']S JURISDICTION TO ENTERTAIN THE PETITION?

III.    DID NOT THE PCRA COURT ERR AND COMMIT REVERSIBLE ERROR WHEN THE FACT-FINDER CONFLATED A MERITS ANALYSIS PURSUANT TO 42 C.S.A. § 9543(A)(2)(VI) WITH THAT OF A JURISDICTIONAL ANALYSIS AS DETERMINED WITHIN THE DUE PROCESS CLAUSES OF 42 Pa.C.S.A. § 9545(B)(1)(i-iii)?

IV.     DID NOT THE SENTENCING COURT ABUSE ITS DISCRETION IN SENTENCING THE APPELLANT TO A FAR GREATER TERM OF INCARCERATION, THAN HIS CONFEDERATE, WHERE IT WAS CLEARLY ESTABLISHED THAT APPELLANT'S CONFEDERATE WAS THE ACTUAL PERPETRATOR OF THE CRIMINAL ACT?

V.      DID NOT THE PCRA COURT IMPROPERLY DISMISS THE APPELLANT'S PRIOR PCRA PLEADINGS, BY FAILING TO ISSUE A PROPER RULE 907 NOTICE, AND DISMISSING THE PETITION IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS?

Appellant's brief at 15-16.

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted). We will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of

justice may have occurred." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008).

Pennsylvania law mandates that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A .2d 1157 (Pa. 2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time

period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(I)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citations omitted).

There is no dispute that Appellant failed to file the instant second PCRA petition within the one-year PCRA time-bar. *See* 42 Pa.C.S. § 9545(b)(1). To the extent Appellant attempts to overcome the time-bar by asserting, in his first three questions presented, that newly-acquired recantation statements made by his two co-conspirators meets the newly-discovered fact exception, he fails, for he did not raise this claim before the PCRA court in either his initial petition or consolidated amended petition and may not, therefore, present it for the first time on appeal. Our Supreme Court has held that the PCRA "makes clear that where … the petition is untimely, it is the petitioner's burden to plead *in the petition* and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999) (emphasis added); *accord Edmiston*, *supra* at 346. Furthermore, "[t]hese exceptions must be specifically pleaded or they may not be invoked." *Commonwealth v. Liebensperger*, 904 A.2d 40, 46 (Pa.Super. 2006), *citing Beasley*, *supra*. We have also stated that generally "[a] new and different theory of relief may not be successfully advanced for the first time on appeal." *Commonwealth v. Santiago*, 980 A.2d 659, 666 n. 6 (Pa.Super. 2009) (citation omitted); *see also* Pa.R.A.P.

302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[ ]"). This claim, accordingly, fails to trigger the newly-discovered evidence exception to the PCRA time-bar.[1]

In his fourth question presented, Appellant raises a challenge to the discretionary aspects of his sentence, which does not, of course, overcome the timeliness requirements of the PCRA. Insofar as the claim may be construed to raise a challenge to the legality of his sentence, it still commands no merits review, for "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). *See also Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011).

For Appellant's fifth and final issue, Appellant contends he was denied due process when the PCRA court dismissed his first PCRA petition under Pa.R.Crim.P. 907 without supplying him with proper notice, an event which

_____

[1] Setting aside the question of whether such recantation statements represent newly-discovered facts or simply a newly discovered source of facts, *see*, *e.g.*, *Commonwealth v. Bennett*, 930 A.2d 1264, 1270–1272 (Pa. 2007) (explaining newly discovered fact exception in Section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of due diligence), we observe that, even if we were in a position to review the present claim for the first time on appeal, we would find that Appellant makes no showing that he exercised due diligence in ascertaining such "facts" and presenting them to the court.

caused him to file a belated appeal which this Court, ultimately, quashed. He fails to explain, however, how the purported lack of Rule 907 notice prevented him from filing a timely first PCRA appeal, particularly where this Court conducted a thorough review of the proceedings before the first PCRA court and concluded that Appellant possessed ample notice of his right to file an appeal. To the extent Appellant seemingly offers this claim as a governmental interference exception to the PCRA time-bar, therefore, we find it meritless.[2]

Order is affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

---

[2] If we were to review the claim on its merits, we would find it previously litigated, as well, as this Court rejected Appellant's attempt to attribute his belated appeal to a lack of due notice regarding the dismissal of his claim, the withdrawal of counsel, and his appellate rights.